USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED 8/15/2016

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :       14cr0851 (DLC)
                                        :       16cv5357 (DLC)
           -v-                          :
                                        :       MEMORANDUM OPINION
                                        :          AND ORDER
MARTIN PRINCE,                          :
                          Defendant.    :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On April 28, 2015, petitioner Martin Prince ("Prince") pleaded guilty to possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced on December 22, 2015, principally to 125 months' imprisonment. Prince did not appeal his conviction.

In advance of his plea, Prince executed a plea agreement (the "Agreement") with the Government in which he acknowledged that his maximum sentence was life imprisonment and his guidelines range was 262 to 327 months' imprisonment. He agreed not to file a direct appeal or bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 262 to 327 months' imprisonment.

At his plea, Prince was placed under oath and reported that he was "very satisfied" with his attorney. He indicated that he

understood that he faced a potential maximum penalty of a prison term as long as life imprisonment. He acknowledged that the Honorable Shira Scheindlin, to whom this case was then assigned, would decide the appropriate sentence to be imposed, and that she would be guided only by "what the law requires, including the so-called United States Sentencing Guidelines." He acknowledged signing and discussing the Agreement with his attorney, that the Agreement reflected a Guidelines range of 262 to 327 months' imprisonment, and that through his execution of the Agreement, he had given up his right to complain about his sentence so long as it was not longer than 327 months' imprisonment.

In allocuting to his commission of the crime, Prince explained that on December 14, 2014 he possessed a gun in connection with his purchase of drugs in the Bronx. The drugs were for his personal use and for him to resell. When asked why he had the firearm, Prince responded "[j]ust in case if they try to take my money."

Prince's criminal history included at least two felony drug convictions that received criminal history points.[1] They are a 2002 and a 2007 conviction for attempted criminal sale of a

---

[1] Application Note 3 to § 4B1.2 provides that "[t]he provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1."

2

controlled substance in the third degree under New York law.[2]  In addition, criminal history points were assigned to a 2007 conviction for attempted assault in the first degree.[3]  This is also a felony.  Pursuant to Guidelines §§ 4B1.1(c) and 2K2.4(c), Prince was classified as a career offender and assigned an offense level of 37.  The sentencing judge adopted that finding from the Pre-Sentence Report ("PSR").

A finding under the Guidelines that a defendant is a career offender requires, inter alia, that the "instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense" and that the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  Id. at 4B1.1(a).  At the time of Prince's sentence, a "crime of violence" was defined by § 4B1.2(a) as any "offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk

---

[2] Prince also had a 2012 conviction for criminal possession of a controlled substance in the seventh degree that received a criminal history point.  This is a Class A misdemeanor under New York law.

[3] The Pre-Sentence Report indicates that the defendant shot a victim, paralyzing him from the waist down.

3

of physical injury to another." U.S.S.G. § 4B1.2(a) (emphasis added).[4]

Prince's Criminal History Category was determined to be VI because he was classified as a career offender. His total criminal history score was 12, which would have placed him in category V if he were not a career offender.

At his sentencing, no objection was made to any of the facts described in the PSR. The Court described Prince's criminal history in some detail, and identified his guidelines range as a career offender. It added that, if Prince were not a career offender, his guidelines range would be 100 to 125 months' imprisonment, based on an offense level of 25 and a criminal history category of V. Judge Scheindlin imposed a nonguidelines sentence of 125 months' imprisonment.

On July 1, 2016, Prince filed a pro se petition to vacate his conviction pursuant to 28 U.S.C. § 2255. Prince asserts that his attorney provided him with ineffective assistance of counsel in connection with his plea of guilty in that he urged Prince to plead guilty to a crime Prince did not commit. Prince does not deny that he possessed a weapon, but denies that the weapon was connected "in any way with drugs or violence." Defense counsel also estimated that Prince would receive a sentence of 6 years but assured Prince that in no event would the sentence be greater than

---

[4] That definition was revised in August 2016 to remove the language identical to that found unconstitutionally vague in Johnson v. United States, 135 S. Ct. 2551 (2015).

4

8 years. Finally, Prince asserts that his attorney did not explain that his guidelines range would be 262 to 327 months' imprisonment.

Counsel was appointed to represent Prince for purposes of filing a habeas petition on January 5, 2016. On July 25, 2016, counsel responded to this Court's Order of July 22 and outlined an additional argument in support of a habeas petition. Defense counsel contends that, in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), Prince is not a career offender because the offense of conviction can no longer be considered a "crime of violence." Counsel seeks permission to file a "placeholder" petition on behalf of Prince within 45 days to preserve his rights in light of Johnson.

In Johnson, the Supreme Court held that a portion of the definition of crime of violence in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague.[5] Id. at 2563. That same definition was contained in U.S.S.G. § 4B1.2(a)(2) at the time Prince's 2015 sentence was imposed. Circuit Courts are split on whether the holding in Johnson applies to the Sentencing Guidelines.[6] The

---

[5] The Court's holding did "not call into question application of [§ 924(e)(2)(B)] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Johnson, 135 S. Ct. 2562.

[6] Compare Beckles v. United States, 616 F. App'x 415, 416 (11th Cir. 2015) (Johnson does not apply to Sentencing Guidelines), cert. granted, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016) and United States v. Matchett, 802 F.3d 1185, 1196 (11th Cir. 2015) (holding that Guidelines provisions cannot be attacked as

5

Supreme Court has granted a writ of certiorari in Beckles v. United States, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016), to resolve whether the reasoning in Johnson applies to the Guidelines' definition of crimes of violence. The Second Circuit has acknowledged the disagreement between the Courts of Appeals on this issue, and has instructed district courts to stay § 2255 petitions raising Johnson challenges to § 41B.2(a) pending the Supreme Court's decision in Beckles. Blow v. United States, No. 16-1530, 2016 WL 3769712, at *2 (2d Cir. July 14, 2016), as amended (July 29, 2016). It is hereby

ORDERED that the claims raised in Prince's pro se petition are denied. His arguments that he was advised to plead guilty to a crime he did not commit, that the gun he possessed was not connected to drugs, and that he was unaware of his Guidelines range are belied by his own statements during his allocution. Moreover, the assertion that his attorney assured Prince that his sentence would not exceed eight years is belied by the Agreement he executed, several explanations given to him during the proceeding in which he pleaded guilty, including the explanations of the sentencing parameters and the Court's discretion in imposing sentence, and Prince's failure to object at sentencing when he received a sentence of over ten years. See Puglisi v.

---

unconstitutionally vague) with United States v. Madrid, 805 F.3d 1204, 1212 n.10 (10th Cir. 2015) (Johnson applies to Sentencing Guidelines).

6

United States, 586 F.3d 209, 214 (2d Cir. 2009) ([A] district court need not assume the credibility of factual assertions . . . where the assertions are contradicted by the record in the underlying proceeding.") (affirming denial of habeas petition).

IT IS FURTHER ORDERED that decision is reserved on the claim presented by counsel in the July 25 filing. The petition is stayed pending the Supreme Court's decision in Beckles. The petitioner shall submit a status update within 14 days of a decision in Beckles.

Dated:   New York, New York
         August 15, 2016

                                    _____
                                           DENISE COTE
                                    United States District Judge

Copy sent to:
Martin Prince
718-01-054
Federal Correctional Institution
Ray Brook
P.O. Box 900
Raybrook, NY 12977